IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


**BRUCE ERIC REED,**

    **Plaintiff,**

vs.                                                          Case No. 5:05cv51-RH/WCS

**CAPTAIN JAMES BARNES, et al.,**

    **Defendants.**

_____/


## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint under 42 U.S.C. § 1983. Doc. 1. The complaint has been reviewed pursuant to 28 U.S.C. § 1915A and it is clear from this review that Plaintiff's case has been filed prematurely.

Plaintiff alleges that the Defendants filed additional charges against Plaintiff because he exercised his civil rights, apparently because Plaintiff filed case number 5:04cv422-LC/EMT. Doc. 1. Plaintiff contends that Defendants filed criminal charges against him in state case number 04-00388-CF because he exercised his constitutional rights. *Id.* Plaintiff states that he has been injured because the new charges have

caused him to remain incarcerated even though Plaintiff finished his prior jail sentence on January 10, 2005.  *Id.*  Plaintiff indicates that his "next court date on these charges is April 26, 2005."  *Id.*  Attached to Plaintiff's complaint is a copy of the probable cause affidavit which reveals that Plaintiff was charged with battery on a law enforcement/corrections officer.  *Id.*  As relief, Plaintiff seeks monetary damages against Defendants and unspecified injunctive relief.  *Id.*

In <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994), the United States Supreme Court held that a civil rights action under § 1983 that necessarily calls into question the validity of a conviction or sentence could not accrue until the plaintiff could demonstrate that the conviction or sentence had been reversed, expunged, or otherwise declared invalid.  <u>Heck</u>, at 487, 114 S.Ct. at 2372.  This has been referred to as the "favorable termination" requirement.  *See* <u>Uboh v. Reno</u>, 141 F.3d 1000, 1004-06 (11th Cir. 1998).  It does not appear that Plaintiff can demonstrate the favorable termination requirement because Plaintiff is currently facing charges and those criminal charges are directly related to the claims that Plaintiff brings in this civil rights case.

The rule of <u>Heck v. Humphrey</u> "applies not only to convicted persons but also to plaintiffs . . . who as yet only face prosecution."  <u>Wiley v. City of Chicago</u>, 361 F.3d 994, 996 (7th Cir. 2004), *citing* <u>Gonzalez v. Entress</u>, 133 F.3d 551, 553 (7th Cir. 1998).  In other words, where charges are outstanding against a plaintiff and his constitutional claims would necessarily imply the invalidity of a potential conviction, the action would be barred under <u>Heck</u>.  *See* <u>Washington v. Summerville</u>, 127 F.3d 552, 556 (7th Cir. 1997), *cert. denied* 523 U.S. 1073 (1998).  Relying on <u>Smith v. Holtz</u>, 87 F.3d 108 (3d

Cir.), *cert. denied* 519 U.S. 1041 (1996)(holding "that a claim that, if successful, would necessarily imply the invalidity of a conviction on a pending criminal charge is not cognizable under § 1983."), the Seventh Circuit concluded that if successful claims "would necessarily imply the invalidity of a potential conviction," then the claims do not accrue until the charges are resolved favorably to the plaintiff. Washington, 127 F.3d at 556.[1]  Thus, Heck also prevents § 1983 claims that necessarily imply the invalidity of potential convictions. Hamilton v. Lyons, 74 F.3d 99, 103 (5th Cir. 1996).

Here, Plaintiff's claims that Defendants have filed charges against him because Plaintiff exercised his constitutional rights would, if true, undermine Plaintiff's potential future conviction. Because success in this action would undermine the validity of Plaintiff's conviction, this case cannot proceed.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) because it is barred by Heck v. Humphrey, and the order adopting this report and recommendation direct the

---

[1] In Smith v. Holtz, *supra*, the court reasoned that "many of the concerns noted in Heck apply equally to claims that, if successful, would necessarily imply the invalidity of a future conviction on a pending charge." 87 F.3d at 113, *explained in* Washintgon, 127 F.3d at 556.

> If such a claim could proceed while criminal proceedings are ongoing, there would be a potential for inconsistent determinations in the civil and criminal cases and the criminal defendant would be able to collaterally attack the prosecution in a civil suit. In terms of the conflicts which *Heck* sought to avoid, there is no difference between a conviction which is *outstanding* at the time the civil rights action is instituted and a *potential* conviction on a pending charge that may be entered at some point thereafter.

Smith, 87 F.3d at 113 (emphasis in original).

Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on April 6, 2005.

s/   William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**